UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

AURORA GARCIA,

                Plaintiff(s),

v.

STANDARD INSURANCE COMPANY,

                Defendant(s).

Case No. 2:17-CV-858 JCM (VCF)

ORDER

Presently before the court is plaintiff Aurora Garcia's motion to remand the instant matter back to state court. (ECF No. 12). Defendant Standard Insurance Company responded. (ECF No. 14). Garcia replied. (ECF No. 15).

**I.    Facts**

Garcia alleges that the amount in controversy does not exceed $75,000.00. *See* 28 U.S.C. § 1332(a). She does not dispute diversity of citizenship.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). If the amount in controversy does not exceed $75,000, this court does not have subject matter jurisdiction and must remand.

This case is about an automobile accident in which, Garcia alleges, she "suffered serious permanent injuries, including the complete loss of all four fingers on her left hand," and the "loss of use of her left hand." (ECF No. 1-1 at 6). The parties agree that Garcia worked for the Clark County School District and was covered under a group policy of accidental death and dismemberment insurance that Standard issued to the school district. (ECF No. 1 at 1). Garcia seeks benefits under the policy for the loss of her fingers. *Id.* Standard denied Garcia's claim,

**James C. Mahan**
**U.S. District Judge**

according to the complaint, primarily due to a disagreement on the meaning of the contract and whether her injury constituted a covered loss. (ECF No. 1-1 at 7–8).

Garcia's complaint alleges claims for (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, and (3) unfair trade practices. (ECF No. 1-1). For each claim, Garcia alleged that Standard caused damages in excess of $15,000 as a result of Standard's conduct alleged in that claim. *Id.* In the complaint's prayer for relief, Garcia requests the following judgment:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained by Plaintiff in excess of $15,000.000;
3. For punitive damages in an amount to be determined at trial;
4. For reasonable attorney's fees and costs of suit;
5. For interest at the statutory rate; and
6. For any such other relief as the Court deems just and proper.

(ECF No. 1-1 at 11).

In Standard's petition for removal, Standard argues that "[b]y alleging punitive damages, Garcia has placed a great deal more in controversy than the jurisdictional minimum." (ECF No. 1 at 3). Standard listed many case examples in which a jury award of punitive damages far exceeded $75,000, when the contract damages were less than are available here.

In Garcia's motion to remand, she backpedals from her request for punitive damages. (ECF No. 12). In essence, she argues that all of her claims sound in contract, not tort, and therefore argues that punitive damages are unavailable. *See* Nev. Rev. Stat. § 42.005(1).

**II. Legal Standard**

Federal courts are presumed to lack jurisdiction unless a party affirmatively shows jurisdiction exists. *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). To determine whether the amount in controversy is over $75,000.00, a district court should first look to the complaint to determine whether it is "facially apparent" that the amount in controversy meets the requirement. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

James C. Mahan
U.S. District Judge

- 2 -

1997). "If not, the court may consider facts in the removal petition, and may 'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* The party seeking to prove the amount in controversy exceeds $75,000 need only do so by a preponderance of evidence. *Id.* at 683.

### III. Discussion

No party argues that general and special damages alone here could exceed the $75,000 limit. Therefore, the question is whether Garcia has pleaded a facially valid claim for punitive damages. The only claim that allows for punitive damages is the unfair trade practices claim.

In Nevada, victims of insurance fraud may pursue private actions against the insurer under Nevada's Unfair Insurance Practices Act, Nevada Revised Statute § 686A.010 *et seq*. *Humana Inc. v. Forsyth*, 525 U.S. 299, 311–13 (1999). "The Unfair Insurance Practices Act authorizes a private right of action for violations of a number of unfair insurance practices, including '[m]isrepresenting to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage.'" *Id.* at 312 (citing Nev. Rev. Stat. § 868A.310(1)(a)). "Furthermore, aggrieved insured parties may be awarded punitive damages if a jury finds clear and convincing evidence that the insurer is guilty of 'oppression, fraud or malice.'" *Id.* at 313 (citing Nev. Rev. Stat. § 42.005(1) (1995)).

Nevada's damages statute states, in relevant part, as follows:

> **NRS 42.005 Exemplary and punitive damages: In general; limitations on amount of award; determination in subsequent proceeding.**
>
> 1. Except as otherwise provided in NRS 42.007, in an action for the breach of an obligation *not arising from contract*, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant. Except as otherwise provided in this section or by specific statute, an award of exemplary or punitive damages made pursuant to this section may not exceed:
> . . .
> 2. The limitations on the amount of an award of exemplary or punitive damages prescribed in subsection 1 do not apply to an action brought against:
> . . .
>     (b) An insurer who acts in bad faith regarding its obligations to provide insurance coverage;[1]
> . . .

---

[1] In other cases, the limit on punitive damages is never less than $300,000.

James C. Mahan
U.S. District Judge

- 3 -

> 5. For the purposes of an action brought against an insurer who acts in bad faith regarding its obligations to provide insurance coverage, the definitions set forth in NRS 42.001 are not applicable and the corresponding provisions of the common law apply.

Nev. Rev. Stat. § 42.005 (italics added).

In cases where there is no allegation of bad faith by an insurer, the statutory definition of fraud is "an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or her rights or property or otherwise injure another person." Nev. Rev. Stat. § 42.001(2). Otherwise, if the insurer is alleged to have acted in bad faith, the common law definition of fraud applies. NRS 42.005(5).

Finally, an allegation of fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b); Nev. R. Civ. P. 9(b). "To plead with particularity, plaintiffs must include in their complaint averments to the time, the place, the identity of the parties involved, and the nature of the fraud." *Rocker v. KPMG LLP*, 148 P.3d 703, 704 (Nev. 2006), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008).

Here, the complaint alleges as follows:

> Defendant has engaged in unfair trade practices, including, but not limited to, for failure to properly settle Plaintiff's claim, failure to properly review Plaintiff's claim, misrepresenting to Plaintiff pertinent facts or policy provisions, and for attempting to settle a claim for less the amount to which a reasonable person would have believed from advertising and other written materials.

(ECF No. 1-1 at 10). Specifically, the complaint alleges that Standard misrepresented coverage in the insurance contract to Garcia. *See id.* at 7–8. In a letter of denial to Garcia, Standard represented that the contract limited coverage of a hand or foot inury to instances of "actual and permanent severance from the body at or above the wrist or ankle joint." *Id.* at 7.

However, Garcia alleges, "the Policy does not define 'permanent severance from the body at or above the wrist,' as is described in the Denial, as only being a loss 'if the entire hand is amputated at or above the metacarpophalangeal joint (wrist)." *Id.* at 8. And the complaint alleges that the letter of denial instructed Garcia to "'[p]lease consult your Certificate of Insurance or Summary Plan Description for a complete description of your rights under the terms of the Clark County School District Group Policy,' but Defendant

James C. Mahan
U.S. District Judge

- 4 -

did not provide either of those documents to Plaintiff at any time on, around, or after the Denial's issuance." *Id.*

This complaint adequately alleges the time, place, and parties involved. But it does not adequately plead the "nature of the fraud" with particularity. *Rocker*, 148 P.3d at 704. While the complaint alleges a "misrepresentation," it does not plead any state of mind of the defendant or allege bad faith against the defendant. When an insurer is alleged to act in bad faith, then punitive damages are available if the insurer committed an act of common law fraud in relation to the unfair insurances practices claim. If the insurer is not alleged to act in bad faith, then there must be an allegation of an *intentional* misrepresentation. Therefore, failure to plead bad faith and failure to plead intent defeats a claim for punitive damages for an unfair insurance practice claim. *See* NRS 42.005, NRS 42.001. Punitive damages are not available upon this complaint.

The facts in the removal petition do not affirmatively prove that the amount in controversy at the time of removal exceeds $75,000. (ECF No. 1). The petition's allegations rely on punitive damages to raise the amount in controversy over $75,000, and this court has concluded that punitive damages are unavailable. While the removal petition also notes that the request for damages "in excess of $15,000" is simply boilerplate language required by statute, defendant still fails to demonstrate with specific facts how the amount in controversy will exceed $75,000 without punitive damages. Finally, Garcia clarifies that her complaint does not seek more than $50,000 in damages, noting that her complaint seeks only $30,000 to $50,000. (ECF No. 12 at 1–2). Therefore, even considering the additional facts in the removal petition, this court did not have jurisdiction at the time of removal because the complaint does not seek more than $75,000.

**IV.     Conclusion**

Given the allegations in the complaint, the factual circumstances of the complaint, and lack of availability of punitive damages here, this court finds that Standard has failed to affirmatively prove that the amount in controversy exceeds $75,000. Therefore, this court lacks subject matter jurisdiction over this matter.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (ECF No. 12) is GRANTED, and this matter is remanded back to state court.

IT IS FURTHER ORDERED that the motion for summary judgment (ECF No. 13) is DENIED as moot.

IT IS FURTHER ORDERED that the motion for leave to file a surreply to the motion for summary judgment (ECF No. 20) is DENIED as moot.

IT IS FURTHER ORDERED that the motion to stay further briefing pending motion for remand (ECF No. 21) is DENIED as moot.

The clerk is instructed to enter judgment accordingly and close the case.

DATED November 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge